Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210316-146387
DATE: July 14, 2021

ORDER

The appeal of the June 19, 2020 letter which notified the appellant that her submission of an Application for Dependency and Indemnity Compensation (DIC), Survivor's Pension, and/or Accrued Benefits on April 15, 2019 was not considered substantially complete; and as more than one year had passed since the agency of original jurisdiction (AOJ) received the incomplete application, the AOJ could only consider benefits from the date it received the appellant's complete application, is dismissed.

FINDINGS OF FACT

1. In a June 19, 2020 letter, the AOJ notified the appellant that her submission of an Application for DIC, Survivor's Pension, and/or Accrued Benefits on April 15, 2019, was not considered substantially complete, and she needed to submit a substantially complete Application for DIC, Survivor's Pension, and/or Accrued Benefits. The letter further stated that although the appellant would normally have one year from the date the AOJ received the appellant's incomplete application to submit a complete application, as more than one year had passed since the AOJ received her incomplete application, the AOJ could only consider benefits from the date it received her complete application.

2. The appellant's submission of the March 2021 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), is not valid for purposes of initiating an appeal of the June 19, 2020 letter as the matter for which the appellant sought review was not the result of a final rating decision.

CONCLUSION OF LAW

The March 2021 VA Form 10182 was not valid for purposes of initiating appeal of the June 19, 2020 letter which notified the appellant that her submission of an Application for DIC, Survivor's Pension, and/or Accrued Benefits on April 15, 2019 was not considered substantially complete; and as more than one year had passed since the AOJ received the incomplete application, the AOJ could only consider benefits from the date it received the appellant's complete application, and thus, the appeal is dismissed. 38 U.S.C. § 7105; 38 C.F.R. § 20.202.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active duty service in the United States Army from June 1948 to July 1953. The Veteran died in January 2009, and the appellant is his surviving spouse.

This matter comes to the Board of Veterans' Appeals (Board) as a result of the appellant's submission of a March 2021 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), in response to the agency of original jurisdiction's (AOJ's) issuance of a June 19, 2020 notification letter. As the letter appealed by the appellant was issued in June 2020, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the VA Form 10182, the appellant elected the Evidence Submission option. Under this review option, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the appellant or her representative with the VA Form 10182 or within 90 days of receipt of the VA Form 10182. 38 C.F.R. § 20.303.

1. The appeal of the June 19, 2020 letter which notified the appellant that her submission of an Application for DIC, Survivor's Pension, and/or Accrued Benefits on April 15, 2019 was not considered substantially complete; and as more than one year had passed since the AOJ received the incomplete application, the AOJ could only consider benefits from the date it received the appellant's complete application.

Under 38 U.S.C. § 7105, an appeal to the Board must be initiated by the filing of a NOD in the form prescribed by the Secretary. See also 38 C.F.R. § 20.201. The NOD must be in writing and identify the specific decision and issue or issues therein with which the claimant disagrees. 38 U.S.C. § 7105(b)(2)(A); 38 C.F.R. § 20.202(a). The term issue means an adjudication of a specific entitlement as described in 38 C.F.R. § 3.151(c). 38 C.F.R. § 20.202(a). Except as provided in the case of simultaneously contested claims, a claimant, or his or her representative, must file a properly completed NOD with a decision by the AOJ within one year from the date that the agency mails the notice of the decision. 38 U.S.C. § 7105(b)(1)(A); 38 C.F.R. § 20.203(b). The Board may dismiss any appeal which fails to identify the specific determination with which the claimant disagrees. 38 U.S.C. § 7105(d) 38 C.F.R. § 20.202(a).

The record shows that on April 15, 2019, the AOJ received the appellant's submission of a VA Form 21P-534EZ, Application for Dependency and Indemnity Compensation (DIC), Survivor's Pension, and/or Accrued Benefits. In a subsequent May 13, 2020 letter to the appellant, the AOJ stated that it was working on her reopened death pension claim. The AOJ requested for the appellant to provide additional evidence about her primary residence. 

In a June 19, 2020 letter to the appellant, the AOJ requested for the appellant to please disregard the May 13, 2020 letter as the information was incorrect. The Board notes that although the June 19, 2020 letter was addressed to the appellant, the name used in the letter's salutation was not that of the appellant. The letter stated that although the AOJ received the appellant's Application for DIC, Survivor's Pension, and/or Accrued Benefits on April 15, 2019, the appellant had not filled out her personal information identifying herself as the claimant in Section I. The AOJ explained that the appellant's application could not be considered substantially complete without this information. The letter added that in order for the AOJ to begin processing the appellant's claim, she needed to submit a substantially complete Application for DIC, Survivor's Pension, and/or Accrued Benefits. The letter further stated that although the appellant would normally have one year from the date the AOJ received the appellant's incomplete application to submit a complete application, as more than one year had passed since the AOJ received her incomplete application, the AOJ could only consider benefits from the date it received her complete application.

The June 19, 2020 letter noted that the enclosures included the appellant's incomplete application, a VA Form 21-0779, Request for Nursing Home Information in Connection with Claim for Aid and Attendance; and Where to Send Written Correspondence. While the enclosures also listed a VA Form 21-534EZ and a VA Form 21-0969, the documents included with the letter indicate the AOJ actually enclosed a VA Form 21P-524EZ, Application for DIC, Survivor's Pension, and/or Accrued Benefits; and a VA Form 21P-0969, Income and Asset Statement in Support of Claim for Pension or Parents' DIC. Notably, the letter did not include any appellate rights or otherwise indicate that it constituted a decision with which the appellant could express disagreement.

Given that the appellant has appealed a notification letter from the AOJ regarding the effective date that could potentially be assigned in relation the appellant's future submission of a complete claim for benefits rather than a final decision, the appellant's appeal in this matter cannot proceed at this time. With the submission of the March 2021 VA Form 10182, Notice of Disagreement, the appellant has sought to appeal the June 2020 notification letter's conclusion that the AOJ could only consider benefits from the date it received her complete application as more than one year had passed since the AOJ received her incomplete application. The appellant and her representative have indicated that it is the appellant's contention that the April 15, 2019 application was substantially complete; and alternatively, that the AOJ should have notified the appellant that her application was considered incomplete prior to the time of the June 19, 2020 letter and provided an opportunity to correct the identified deficiency. See, e.g., March 2021 VA Form 10182; March 2021 Statement from Representative. 

The representative also cited to 38 C.F.R. § 3.103(b)(1) and 38 C.F.R. § 3.103(b)(2) to argue that the June 19, 2020 notification letter constituted an adverse decision affecting an award of compensation to which the appellant was entitled to advance notice and a period of 60 days to present evidence as to why that adverse action should not be taken. The Board notes that 38 C.F.R. § 3.103(b)(1) provides that claimants and their representatives are entitled to notice of any decision made by the Department of Veterans Affairs (VA) affecting the payment of benefits or the granting of relief. 38 C.F.R. § 3.103(b)(2) states that except as otherwise provided in paragraph (b)(3) of this section, no award of compensation, pension or DIC shall be terminated, reduced or otherwise adversely affected unless the beneficiary has been notified of such adverse action and has been provided a period of 60 days in which to submit evidence for the purpose of showing that the adverse action should not be taken. Unfortunately, however, from a procedural standpoint, the June 19, 2020 letter is not finalized decision with regard to an effective date for any award of benefits, and it cannot be appealed.

The record shows that the appellant later submitted a VA Form 21P-534, Application for DIC, Survivor's Pension and Accrued Benefits by a Surviving Spouse or Child, on March 12, 2021. The AOJ then issued a June 23, 2021 rating decision stating that entitlement to special monthly pension based on the need for regular aid and attendance for the appellant was continued. A June 25, 2021 decisional letter informed the appellant that the AOJ had granted entitlement to survivor's pension benefits and additional allowance for aid and attendance with both awards effective from March 9, 2021 with a payment start date of April 1, 2021 based on the United States Postal Service postmark date of record for the appellant's claim for benefits received on March 12, 2021. The letter added the AOJ had denied the appellant's claim for accrued benefits and DIC. As indicated in the June 2021 letter, this is the decision that can be challenged via a timely Supplemental Claim, a request for Higher Level Review, or by filing a Notice of Disagreement to the Board. The Board notes that the appellant has until June 2022 to challenge this decision, including the effective dates assigned therein, through any of these options.

Based on the foregoing, the Board does not find that the March 2021 VA Form 10182 is valid for purposes of initiating an appeal of the June 19, 2020 notification letter. Accordingly, the Board does not have jurisdiction to review this appeal, and it is dismissed. 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K.C. Spragins, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.